UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BONNIE H. PODEWILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:12-CV-235 |
| | ) | (VARLAN/GUYTON) |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 15], and the defendant's Motion For Summary Judgment. [Doc. 17]. Plaintiff Bonnie Podewils ("Podewils") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 44 years of age when the ALJ issued his first decision in this case in September, 2009 (Tr. 19, 23). She has an Associates Degree (Tr. 23). She has work experience as an ad inserter, cashier and hotel clerk, among other jobs (Tr. 509).

1

Podewils' claim was denied by the ALJ in September, 2009. She appealed to this Court, which entered an Order of Remand in September, 2010, based on a joint Motion for Remand filed by the parties (Tr. 563). The purpose for the remand was to allow the Septmeber 8, 2009 Medical Assessment of Ability to do Work-Related Activities (Physical) from Dr. Kelly Baker, plaintiff's primary care physician, to be entered into the record. The ALJ was to be given the opportunity to evaluate this treating source's assessment, hold a hearing, and take vocational expert testimony (Tr. 563-564).

On June 14, 2011, the ALJ held a second hearing (Tr. 498-518). On July 18, 2011, the ALJ issued a decision again finding Podewils not disabled (Tr. 475-492). The Appeals Council denied Plaintiff's request for review on April 28, 2012 (Tr. 458-460), and the present action followed.

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

The parties have filed Memoranda [Docs. 16, 18]. Podewils filed a supplemental Memorandum [Doc. 21]. The Commissioner also filed a supplemental Memorandum [Doc. 22].

## STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v.

Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to

3

reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## POSITIONS OF THE PARTIES

Podewils alleges that she has been disabled since April, 2008, due to a back injury, lower back pain, along with inability to walk "very much" or stand or sit for periods of time (Tr. 102, 112, 121).

Podewils first argues that the ALJ committed error by violating the "Treating Source Rule," 20 C.F.R. § 404.1527(d)(2). She asserts that the ALJ failed to properly consider the medical opinions of treating physicians Dr. Patrick Bolt and Dr. Kelly Baker, as well as the opinions of consultative examiner, Dr. Robert Blaine.

Dr. Bolt treated Podewils, over the course of four months, for low back pain. Dr. Bolt requested a Functional Capacity Evaluation (FCE). The FCE apparently concluded that

4

Podewils could perform light level physical exertion as that is defined by the Dictionary of Occupational Titles.[1] Dr. Bolt termed that assessment "valid" on January 5, 2009 (Tr. 335). Nonetheless, on that same date, Dr. Bolt, in a separate document entitled "Physicians Report," opined that Podewils has certain restrictions which were more restrictive, such as "no lifting over 10 lbs. maximum" and "alternate sitting and standing, 30 minutes each every hour." However, even on this document, Dr. Bolt wrote "Permanent Light Duty per FCE" (Tr. 245).

The ALJ gave "no evidentiary weight" to the opinions of Dr. Bolt, based on the internal inconsistency noted above, and because the basis for Dr. Bolt's opinions is not in evidence (Tr. 487).

Podewils argues that the ALJ committed error by not incorporating Dr. Bolt's more limiting restrictions in the RFC. The Commissioner argues that the ALJ adequately discussed Dr. Bolt's opinions and gave sufficient explanation for the weight afforded to them.

Dr. Baker, on September 8, 2009, completed a Medical Assessment Of Ability To Do Work-Related Activities (Physicial) (Tr. 633-634). Dr. Baker's limitations mirrored the more restrictive limitations set forth by Dr. Bolt in the "Physician's Report" dated January 5, 2009. The ALJ gave "little weight" to Dr. Baker's opinions, because Dr. Baker's opinions: (1) were based on, and dependent on, Dr. Bolt's opinions, (2) are not consistent with treatment records and the record as a whole, and (3) are based on the Plaintiff's subjective, not credible complaints (Tr. 488).[2]

---

[1] The actual FCE is not part of the record, but the Plaintiff and the Commissioner refer to it, and they agree on its contents.

[2] The ALJ's findings that the Plaintiff's reports of subjective symptoms were not credible is not an issue raised in this action.

Podewils argues that the ALJ should have accepted the limitations opined by Dr. Baker. The Defendant argues that the ALJ gave good and sufficient reasons to afford Dr. Baker's opinions little weight.

Plaintiff further alleges that the ALJ erred in affording little weight to the opinion of Dr. Blaine, a consultative examiner. Dr. Blaine opined that Plaintiff could stand or walk for 2 to 3 hours in an 8-hour workday with frequent rest breaks, could lift and carry 10 pounds frequently and 20 pounds occasionally, and could sit for 8 hours in an 8-hour workday with reasonable rest breaks (Tr. 349). Dr. Blaine based his opinion on findings from his one-time exam (Tr. 347-349). During his examination of Plaintiff, Dr. Blaine noted that she has a positive straight leg raise test, an antalgic gait favoring her left leg, and that she was able to squat "about halfway into the floor holding on the examination table" (Tr. 349). However, the records from Plaintiff's treating sources show that Plaintiff had inconsistent straight leg raise tests, normal gait, and that she was able to do a deep knee bend without difficulty (Tr. 249, 253, 335, 339, 343). See 20 C.F.R. § 404.1527(c)(2). The ALJ found that Dr. Blaine's opinion was "overly restrictive in light of clinical findings" in the record, and gave it little evidentiary weight (Tr. 488). The Defendant argues that because Dr. Blaine's opinion is inconsistent with the other evidence in the record, and he only examined Plaintiff on one occasion, the ALJ properly afforded little weight to his opinion (Tr. 488).

Finally, Podewils argues that the ALJ failed to properly weigh the opinions of her medical sources when assessing her mental RFC. Plaintiff first alleges that the ALJ failed to properly address the opinion of Martha Wike, Ph.D., a psychological consultative examiner. Dr. Wike opined that Plaintiff's ability to understand and remember instructions is moderately

6

impaired; Plaintiff's ability to sustain attention and concentration is mildly-to-moderately impaired; Plaintiff's ability to interact with others is a least moderately impaired; and Plaintiff's ability to adapt to changes in her routine or work-like settings is at least moderately impaired (Tr. 362, 484). The ALJ specifically discussed Dr. Wike's opinion and determined that, while generally consistent with the record evidence, it should be given less weight because Dr. Neilson's opinion was better supported by the record[3] (Tr. 359-363, 483-485, 489). The Defendant argues that opinions from one-time examiners, such as Dr. Wike, are not entitled to special deference or weight, therefore the ALJ did not err in determining that Dr. Neilson's opinion more accurately reflected the evidence in the record (Tr. 489).

Plaintiff further alleges that, in the decision, the ALJ misstated the limitations opined by Dr. Wike. Specifically, the ALJ stated that Dr. Wike found Plaintiff's ability to interact socially and her ability to adapt to be "moderately impaired" (Tr. 484). Dr. Wike opined that Plaintiff was "at least moderately impaired" in those areas (Tr. 362, 484). The Defendant argues that the ALJ did not err in evaluating the limitations opined by Dr. Wike.

## ANALYSIS AND BASIS FOR RECOMMENDATION

For the reasons that follow, the Court recommends that summary judgment in favor of the Commissioner is appropriate in this case. The Court finds that the ALJ properly reviewed and evaluated the medical evidence, giving good explanations for the weight afforded to the medical opinions of record.

---

[3] Dr. Thomas Neilson, a state agency psychological consultant, offered opinions, discussed in more detail on page 11 hereof.

7

Case 3:12-cv-00235-TAV-HBG   Document 23   Filed 07/10/13   Page 7 of 14   PageID #: 126

Under the treating physician rule, "the Commissioner has mandated that the ALJ 'will' give a treating source's opinion controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record.'" Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)). If an ALJ decides not to give the opinion of a treating physician controlling weight, "he must then balance the following factors to determine what weight to give it: 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source.'" Id. (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2))). The ALJ has a clear duty to "always give good reasons in [the] notice of determination or decision for the weight [it] give[s] [a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). The good reasons given must always be supported by evidence of record and must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Cole, 661 F.3d at 937 (quoting Soc. Sec. Rul. No. 96-2p, 1996 SSR LEXIS 9, at *12 (Soc. Sec. Admin. July 2, 1996)).

The purpose behind the requirement that good reasons be given is "to safeguard the claimant's procedural rights[,]" and "is intended 'to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that [ ]he is not.'" Cole, 661 F.3d at 937-38 (quoting Wilson, 378 F.3d at 544).

8

"A finding that a treating source medical opinion . . . is not entitled to controlling weight [does] not [mean] that the opinion should be rejected." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 408 (6th Cir. 2009). "In addition to balancing the factors to determine what weight to give a treating source opinion denied controlling weight, the agency specifically requires the ALJ to give good reasons for the weight actually assigned." Cole, 661 F.3d at 938.

"On the other hand, opinions from nontreating and nonexamining sources are never assessed for 'controlling weight.'" Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). These are instead weighed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling." Id. (citing 20 C.F.R. § 404.1527(c)).

Dr. Bolt provided opinions which indicated that Podewils had medical conditions and related limitations which arguably support a finding of disability. The Court, however, finds that the ALJ properly addressed, evaluated, and assigned weight to Dr. Bolt's treating source opinions. Importantly, the ALJ explained that Dr. Bolt's opinions were plainly inconsistent and contradictory, and were not supported by the medical evidence in the record (Tr. 481, 487).

Dr. Baker provided opinions which were based upon, and reflected, Dr. Bolt's opinions. The ALJ also presented detailed explanations for the little weight given to them (Tr. 488), including the fact that Dr. Baker's opinions are based, in part, on Plaintiff's subjective complaints. As noted above, the ALJ, who conducted two hearings in this case, found Podewils to be not credible, because she exaggerated her limitations, made inconsistent and contradictory statements to her doctors, and engaged in narcotic seeking behavior (Tr. 484-486). Significant deference is given to an ALJ's finding on credibility. Cruse v. Comm'r of Soc. Sec., 502 F.3d

9

532, 542 (6th Cir. 2007): "[A]n ALJ's credibility determinations about the claimant are to be given great weight. . .". Moreover, the ALJ's findings regarding the credibility of the Plaintiff are not in issue.

Therefore, reviewing the ALJ's Decision in light of <u>Gayheart</u> and other recent Sixth Circuit jurisprudence, the Court finds that the ALJ did properly apply the treating physician rule to the case at hand. <u>See</u> <u>Brasseur v. Comm'r of Soc. Sec.</u>, 2013 WL 1896291 (6th Cir. May 7, 2013) (ALJ who gave good reasons to reject the severe physical restrictions opined by Plaintiff's two treating physicians met the standard articulated by the Sixth Circuit in <u>Gayheart</u>).

With regard to Dr. Blaine, a consultative examiner, the Court finds that the ALJ properly weighed this opinion as well (Tr. 482, 488). The ALJ found that Dr. Blaine's opinion was "overly restrictive in light of clinical findings" in the record, and gave it little evidentiary weight (Tr. 488). Dr. Blaine opined that Plaintiff could stand or walk for 2 to 3 hours in an 8-hour workday with frequent rest breaks, could lift and carry 10 pounds frequently and 20 pounds occasionally, and could sit for 8 hours in an 8-hour workday with reasonable rest breaks (Tr. 349). Dr. Blaine based his opinion on findings from his one-time exam (Tr. 347-349). During his examination of Plaintiff, Dr. Blaine noted that she has a positive straight leg raise test, an antalgic gait favoring her left leg, and that she was able to squat "about halfway into the floor holding on the examination table" (Tr. 349). However, the records from Plaintiff's treating sources show that Plaintiff has inconsistent straight leg raise tests, normal gait, and that she was able to do a deep knee bend without difficult (Tr. 249, 253, 335, 339, 343). Because Dr. Blaine's opinion is inconsistent with the other evidence in the record, and he only examined Plaintiff on one occasion, the ALJ properly afforded little weight to his opinion (Tr. 488). <u>See</u> 20 C.F.R. §

10

404.1527(c)(4). Unlike treating sources, an opinion from a one-time examiner does not receive special deference or weight. 20 C.F.R. § 404.1527(c)(2).

In making the mental RFC determination, the Court finds that the ALJ properly evaluated the medical evidence of record and found that Podewils could perform a modified range of light work (Tr. 479-489). The ALJ afforded considerable weight to the opinion of Thomas D. Neilson, Psy.D, a state agency psychological consultant, because his opinion was "well supported by and consistent with the overall evidence of record, including examination findings, diagnoses, treatment, and prescribed medications" (Tr. 374-390, 489). Dr. Neilson opined that Plaintiff was able to understand and remember for simple and detailed non-complex tasks; could sustain concentration and persistence for such tasks despite periods of increased signs and symptoms; will experience some but not substantial, difficulty interacting with the general public and supervisors; and could relate to coworkers, set limited goals, and adapt to infrequent change (Tr. 374-390, 483). Dr. Neilson's opined limitations are consistent with the ALJ's RFC determination and are supported by the evidence in the record, including the treatment records from Plaintiff's mental health care providers and Plaintiff's reported daily activities (Tr. 24, 272-273, 275-277, 343, 361-362, 395, 479-489, 654, 701, 722, 772). Dr. Neilson's opinions provide substantial evidence in support of the ALJ's mental capacity RFC.

Podewils alleges that the ALJ failed to properly address the opinion of Dr. Wike, a psychological consultative examiner. In the decision, the ALJ specifically discussed Dr. Wike's opinion and determined that, while generally consistent with the record evidence, it should be given less weight because Dr. Neilson's opinion was better supported by the record (Tr. 359-363, 483-485, 489). Dr. Wike opined that Plaintiff's ability to understand and remember instructions

11

Case 3:12-cv-00235-TAV-HBG Document 23 Filed 07/10/13 Page 11 of 14 PageID #: 130

is moderately impaired; her ability to sustain attention and concentration is mildly-to-moderately impaired; her ability to interact with others is at least moderately impaired; and her ability to adapt to changes in her routine or work-like settings is at least moderately impaired (Tr. 362, 484). However, opinions from one-time examiners, such as Dr. Wike, are not entitled to special deference or weight. A one time examiner is not considered a treating physician. Therefore, the Court finds that the ALJ did not err in determining that Dr. Neilson's opinion more accurately reflected the evidence in the record (Tr. 489).

Podewils also argues that the ALJ failed to properly consider the records from HRMC, where she was treated for two years, in making the mental RFC determination (Tr. 409-457, 482-483, 486-489, 638-665, 936-975). In the decision, the ALJ discussed the opinions and observations of Plaintiff's HRMC case managers in detail (Tr. 482-483, 486-489). The ALJ gave little weight, however, to the global assessment functioning (GAF) scores assigned by HRMC, because these scores were inconsistent with HRMC's treatment records, which show steady progress, and with Plaintiff's completion of an online college course during this period (Tr. 488).

Plaintiff argues that the ALJ failed to consider the opinions of Jeff Scarbrough, M.A., Megan Harris, B.A., and Sherry Light, LCSW, employees of HRMC. The ALJ, however, did discuss and refer to notes from HRMC case managers regarding Plaintiff's progress when determining her mental RFC (Tr. 482-483, 486-489). The Court agrees with the Commissioner that the ALJ addressed the HRMC records as a whole and it was unnecessary to discuss individually the opinions of each HRMC staff member who saw Plaintiff over the two year period (Tr. 409-457, 482-483, 486-489, 638-665, 936-975).

Moreover, the Commissioner is correct that Mr. Scarbrough, Ms. Harris, and Ms. Light are not acceptable medical sources. The ALJ was not required to provide good cause reasons for discounting their opinions. 20 C.F.R. § 404.1513(a)(1)-(5) (licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists are acceptable medical sources); 20 C.F.R. § 404.1513(d)(1) (non-acceptable or "other" medical sources include chiropractors, therapists, physicians' assistants, and nurse practitioners). Opinions of non-acceptable medical sources, or "other sources," are not entitled to any special weight or consideration by the ALJ because only acceptable medical sources can render a medical opinion. See 20 C.F.R. § 404.1527(a)(2); SSR 06-3p[4] (only acceptable medical sources can be considered treating sources "whose medical opinions may be entitled to controlling weight"); Walters, 127 F.3d at 530-531 ("the ALJ has the discretion to determine the appropriate weight to accord a [non-acceptable medical source's] opinion based on all evidence in the record"). The ALJ did evaluate the HRMC records, including reports from Plaintiff's case managers regarding her mental status and daily activities (Tr. 482-483, 486-489). See SSR 06-3p (opinions from "other sources" should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence). The Court finds that the ALJ properly evaluated the opinions from the HRMC staff.

The Court finds that Podewils failed to prove that her impairments resulted in any physical or mental limitation in excess of her RFC for a modified range of light work. A claimant has the ultimate burden of proving disability. Based on Plaintiff's assessed RFC for a modified range of light work, the ALJ determined that Plaintiff can perform her past relevant

---

[4] http://www.ssa.gov/OP_Home/rulings/di/01/SSR2006-03-di-01.html

work as an ad inserter, which is light and unskilled (Tr. 489-490). In making this decision, the ALJ relied on testimony from a vocation expert (Tr. 509-517).

Therefore, the Court finds that substantial evidence supports the Commissioner's decision that Plaintiff was not disabled during the relevant period, because she can perform her past relevant work as an ad inserter.

It is **RECOMMENDED** (1) that the Plaintiff's Motion For Summary Judgment [Doc. 15] be **DENIED**; and (2) that the Defendant's Motion For Summary Judgment [Doc. 17] be **GRANTED**.[5]

Respectfully submitted,

_s/ H. Bruce Guyton_
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).