UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| BONNIE H. PODEWILS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:12-CV-235 |
| | ) | | (VARLAN/GUYTON) |
| CAROLYN W. COLVIN, | ) | | |
| Acting Commissioner of Social Security, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton [Doc. 23]. In the R&R, Magistrate Judge Guyton concludes that substantial evidence supports the Commissioner's decision that plaintiff was not disabled during the relevant period because she can perform her past relevant work as an ad inserter. Plaintiff submitted objections to the R&R [Doc. 24], and the Commissioner responded [Doc. 25].

**I.      Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*,

806 F.2d 636 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment that were previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before,
2

is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937.  The United States Court of Appeals for the Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.     Analysis[1]

Plaintiff raises two objections to the R&R.  First, plaintiff asserts that the magistrate judge erred with respect to his analysis of whether the Administrative Law Judge ("ALJ") properly gave less weight to the limitations opined by her treating sources—Patrick A. Bolt, M.D., and Kelly L. Baker, M.D.—and his analysis of whether the ALJ properly evaluated the evidence from the Helen Ross McNabb Center ("HRMC").

With respect to the first objection, Judge Guyton determined that the ALJ provided a thorough rationale for affording little weight to the limitations opined by Dr. Bolt, one of plaintiff's treating sources.  In particular, the ALJ cited to substantial evidence undermining Dr. Bolt's opined limitations, including internal inconsistencies in his opinion and that the basis for his opinions was not in evidence.  Judge Guyton also determined that the ALJ cited to substantial evidence contradicting the limitations opined

---

[1] The Court presumes familiarity with the R&R.

3

Case 3:12-cv-00235-TAV-HBG   Document 26   Filed 09/11/13   Page 3 of 5   PageID #: 151

by Dr. Baker, another treating source, including that Dr. Baker's opinions were based on, and dependent on, Dr. Bolt's opinions, were not consistent with treatment records and the record as a whole, and were based on plaintiff's subjective complaints, which the ALJ found to be not credible. Moreover, in light of *Gayheart v. Commissioner*, 710 F.3d 365 (6th Cir. 2013), Magistrate Judge Guyton appropriately determined that the ALJ explained why these two treating physicians' opinions were not well supported by clinical or diagnostic evidence and identified the substantial evidence that was inconsistent with their opinions. The magistrate judge also appropriately determined that the ALJ did not subject the treating source opinions to greater scrutiny than the opinions from the non-treating sources as a means to justify giving their opinions little weight.

Plaintiff argues that the ALJ discounted the treating source opinions due to inconsistencies, but ignored "more flagrant inconsistencies" in the medical opinions he relied upon, which is impermissible under *Gayheart*. The flagrant inconsistencies that plaintiff alleges the ALJ ignored, however, were specifically addressed by the ALJ. By way of example, the Court recognizes that the ALJ articulated a sufficient rationale for discounting the limitations opined by Dr. Blaine because Dr. Blaine examined plaintiff only on one occasion and the clinical findings he based his assessment upon were inconsistent with other evidence in the record. The Court also recognizes that the ALJ discussed the mental limitations opined by consultative examiner Martha Wike, Ph.D., but determined that her opinion should be given less weight because Dr. Neilson's

4

opinion was better supported by the record. Accordingly, the Court finds that the ALJ did not run afoul of *Gayheart*.

With respect to plaintiff's second objection, plaintiff argues that the ALJ was required to address and weigh the opinions of each HRMC staff member who treated plaintiff over a two-year period. The Court disagrees and finds the ALJ appropriately considered the HRMC evidence. Referring to the HRMC decision as a whole, rather than assessing each record individually, was appropriate because the opinions were not from acceptable medical sources and were not entitled to any special weight or deference.

### III. Conclusion

For the reasons explained above, plaintiff's objections [Doc. 24] will be **OVERRULED** and the Court will **ACCEPT IN WHOLE** the R&R [Doc. 23], which the Court will adopt and incorporate into its ruling. Plaintiff's motion for summary judgment [Doc. 15] will be **DENIED**, the Commissioner's motion for summary judgment [Doc. 17] will be **GRANTED**, the decision of the Commissioner will be **AFFIRMED**, and this case will be **DISMISSED**. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE